(54 App. Div. 116.)

## CARDEZA et al. v. BISHOP.

(Supreme Court, Appellate Division, Second Department. October 26, 1900.)

STATUTE OF FRAUDS—DEBT OF ANOTHER—PAYMENT—ORIGINAL PROMISE—CON-
SIDERATION.

> Defendant's husband was indebted to plaintiffs for liquors he had pur-
> chased of them, and after his death defendant assumed control of the
> stock and business of her husband. Plaintiffs promised defendant that
> they would leave the goods they had sold her husband with her, and
> continue to sell her goods on credit, and give her reasonable time to pay
> for them, if she would assume the indebtedness of her husband; and
> there was evidence that she orally agreed to do so. *Held*, that plaintiffs'
> agreement to continue to sell to defendant was not a sufficient considera-
> tion to make defendant's oral agreement an original promise to pay the
> debt of another, so as to take it out of the statute of frauds.

Appeal from municipal court, borough of Manhattan, First dis-
trict.

Action by H. J. M. Cardeza and another against Nellie Bishop to
recover on defendant's oral promise to pay the debt of her deceased
husband. From a judgment for plaintiffs, defendant appeals. Re-
versed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD,
HIRSCHBERG, and JENKS, JJ.

Herman H. Baker, for appellant.

Thomas P. Hall, for respondents.

GOODRICH, P. J. John M. Bishop, the husband of the defendant,
was engaged in the liquor business when he died. The defendant,
without any transfer of the property to her, assumed control of the
stock of goods and continued the business. The plaintiffs, who had
sold goods to the husband, were pressing the widow for payment, but
stated that, if she would assume the account of her husband, they
"would leave the goods there." The defendant asked the plaintiffs
whether they would continue to sell her this same line of goods, and
was told that they would, provided she would assume the indebted-
ness of her husband. There was testimony that she agreed to do so
orally, though this statement was denied. The plaintiffs claim that
this was an original promise, and not within the statute of frauds.
Two cases are cited by the respondents' counsel: White v. Rintoul,
108 N. Y. 222, 15 N. E. 318, and First National Bank v. Chalmers,
144 N. Y. 432, 39 N. E. 331. The opinions in both cases were written
by Judge Finch. In the White Case, he reviewed the doctrine which
distinguishes between original and collateral promises, and concluded
"that where the primary debt subsists, and was antecedently contract-
ed, the promise to pay it is original, when it is founded on a new con-
sideration moving to the promisor and beneficial to him, and such that
the promisor thereby comes under an independent duty of payment,
irrespective of the liability of the principal debtor." In the First
National Bank Case, Spruce & Co. had confessed judgment to the de-
fendants for various sums due from them to the defendants and other
parties,—among them, the indebtedness due the plaintiff bank; and

there was an actual transfer of property by Spruce & Co., the former owner, to the defendants, who took possession thereof, and agreed to assume and pay the debts of Spruce & Co. to the plaintiff. The court held that where a debtor transfers property to a third person in consideration of an agreement of the latter to assume and pay the debt, and he thereupon promises the creditor to pay, he makes the debt his own, and so assumes an independent duty of payment, irrespective of the liability of the principal debtor, and becomes primarily liable for the discharge of the debt. In the present case the plaintiffs had no lien, by judgment or execution or otherwise, upon the property of the deceased, except that, as creditors, they had a claim against his estate generally. They relinquished no lien, and only agreed to sell the defendant new goods on credit, giving her reasonable time for payment. This is the only transaction which the plaintiffs contend was a consideration for the new promise. I find no case, and none is cited, which justifies the doctrine that such an agreement is a sufficient consideration to validate the agreement as an original promise to assume and pay the debt of another. The judgment must be reversed.

Judgment of the municipal court reversed, and new trial ordered; costs to abide the event. All concur.